FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 13, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAVENA T., | No. 2:20-CV-00207-JTR |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 15, 20. Attorney Gary Penar represents Lavena T. (Plaintiff); Special Assistant United States Attorney Christopher Brackett represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION . . . . - 1

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on July 18, 2017, alleging disability since August 1, 2006 [2], due to fibromyalgia, chronic fatigue, joint disease, autoimmune disease, and solar sensitivity. Tr. 75-76. The applications were denied initially and upon reconsideration. Tr. 127-30, 141-62. Administrative Law Judge (ALJ) R.J. Payne held a hearing on February 27, 2019, Tr. 33-74, and issued an unfavorable decision on March 28, 2019. Tr. 15-27. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request for review on March 31, 2020. Tr. 1-5. The ALJ's March 2019 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on June 4, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1972 and was 44 years old as of her alleged onset date. Tr. 24. She has her GED and has worked as a grocery clerk, front desk clerk, and telephone customer service representative. Tr. 247, 268. She has alleged disability due to widespread pain and fatigue, along with various other limitations from her autoimmune disease. Tr. 275.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.

---

[2] Plaintiff later amended her alleged onset date to October 19, 2016. Tr. 35-36.

*Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On March 28, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-27.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: unspecified autoimmune conditions; seronegative rheumatoid arthritis; facioscapulohumeral muscular dystrophy, left shoulder; left shoulder calcific tendinosis; fibromyalgia; and obesity. Tr. 18.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform sedentary work, except:

> she can lift no more than 10 pounds at a time occasionally and lift or carry 5 pounds at a time frequently. She can sit 1 hour at a time for a total of 6 hours in an 8-hour workday with normal breaks and can stand 15 minutes at a time and walk 15 minutes at a time for a total of 1.5 hours standing and walking, in any combination, in an 8-hour workday with normal breaks. She is limited to occasional push/pull of arm/hand controls with the non-dominant left upper extremity within the weight limitations given above; occasional stooping, crouching, balancing and kneeling; no crawling; occasional climbing of ramps and stairs; no climbing of ladders or scaffolds; avoid all exposure to heavy industrial-type vibration, marked temperature extremes (heat, cold), and unprotected heights; occasional handling, fingering and feeling bilaterally; and no overhead reaching with the non-dominant left upper extremity.

Tr. 19.

///

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a desk clerk, cashier-checker, sales attendant, or customer service clerk. Tr. 24.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of election clerk and call-out operator. Tr. 25.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 27.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting the medical opinion from Dr. Bonine; (2) not properly assessing Plaintiff's subjective testimony; and (3) finding Plaintiff not to be disabled based on the opinion of medical expert Dr. Buckwalter.

## DISCUSSION

**1.    Plaintiff's subjective statements**

Plaintiff alleges the ALJ improperly disregarded her subjective symptom reports. ECF No. 15 at 16-19.

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is

unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

      The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, he found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms to be not entirely consistent with the medical evidence and other evidence in the record. Tr. 20-21. The ALJ found Plaintiff's allegations to be unsupported by the objective evidence, inconsistent with the majority of the medical opinions, contradicted by Plaintiff's activities, and undermined by inconsistent statements in the record. Tr. 21-22, 26.[3]

      Plaintiff argues the ALJ's analysis was not sufficiently specific and the ALJ failed to explain how the normal objective findings he cited actually undermine Plaintiff's testimony. ECF No. 15 at 17-18. She further argues the ALJ did not identify any activities that constitute a substantial part of a day, and that the ALJ failed to consider the timeline of her part-time work versus her testimony at the hearing. *Id.* at 18-19. Defendant argues the ALJ reasonably considered Plaintiff's activities and the objective evidence and evidentiary inconsistencies in the record in assessing the reliability of Plaintiff's reports. ECF No. 20 at 9-15.

///

---

[3] The ALJ's decision appears out of order in the official transcript, with page 9 (Tr. 26) appearing after page 12 (Tr. 25).

The Court finds the ALJ did not err. A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict her other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ noted Plaintiff's documented activities, including working part-time, tending to household chores, and driving, conflicted with her reports of extreme limitations. Tr. 22, 26. While Plaintiff is correct that the ALJ did not identify activities that necessarily indicate an ability to engage in full-time work, the ALJ did not make such a finding; rather, he found Plaintiff's extreme allegations to be undermined by other evidence in the record. The Court finds the ALJ's interpretation to be supported by substantial evidence.

An ALJ may consider inconsistent statements by a claimant in assessing her subjective statements. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). The ALJ noted inconsistencies in Plaintiff's symptom reports, including the duration of her shoulder pain and her reports to the consultative examiner of many symptoms that appeared nowhere else in the record. Tr. 26. These inconsistencies were reasonable issues for the ALJ to discuss and Plaintiff has offered no argument contrary to the ALJ's analysis.

While it cannot serve as the sole basis for disregarding a claimant's reports, support from objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ pointed to the largely unremarkable exam findings, including the normal exam with the consultative examiner, in finding Plaintiff's allegations to be unsupported. The ALJ's interpretation of the record is reasonable.

**2.    Dr. Timothy Bonine**

Plaintiff alleges the ALJ erred by improperly disregarding the medical source statement from her treating physician, Dr. Timothy Bonine. ECF No. 15 at 11-16.

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 404.1520c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520a(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other

ORDER GRANTING DEFENDANT'S MOTION . . . - 8

medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c).[4]

In January 2019, Dr. Bonine indicated Plaintiff was severely limited by her conditions, opining she could sit, stand, and walk for no more than 10 minutes each in an 8-hour workday, could not lift and carry any weight, could never use her hands for manipulative activities, and would be off task 100% of the time. Tr. 410-13. He repeatedly noted that she was "completely disabled." *Id.*

The ALJ found this opinion unpersuasive, noting Dr. Bonine's own records did not contain objective evidence to support the extreme limits, and finding the opinion to be inconsistent with the treatment records as a whole, the opinions from other sources in the file, and Plaintiff's admitted activities. Tr. 23-24.

Plaintiff argues the ALJ's discussion is not supported and demonstrates the ALJ's misunderstanding of the nature of Plaintiff's conditions, with pain and fatigue not being objectively measurable. ECF No. 15 at 13. She further argues the record contains objective evidence supportive of the limitations, and asserts the ALJ improperly found inconsistencies in the treatment records and with Plaintiff's activities. *Id.* at 14-15. Defendant argues the ALJ appropriately considered the supportability and consistency factors and reasonably interpreted the record. ECF No. 20 at 6-9.

///

---

[4] The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations, specifically whether an ALJ is still required to provide specific and legitimate reasons for discounting a contradicted opinion from a treating or examining physician. The Court finds resolution of this question unnecessary to the disposition of this case.

ORDER GRANTING DEFENDANT'S MOTION . . . - 9

1  The Court finds the ALJ did not err. He discussed the most important factors
2  of supportability and consistency, as required by the revised rules, noting the lack
3  of objective findings in support of Dr. Bonine's extreme limitations and that all
4  other medical opinions in the record indicated Plaintiff was capable of some level
5  of work. Tr. 23-24. The Court finds the ALJ's discussion is supported by
6  substantial evidence.

### 3. The RFC

Plaintiff argues that the ALJ erred in finding Plaintiff capable of working despite formulating an RFC that only allows for 7.5 hours of sitting, standing, or walking. ECF No. 15 at 19-23. Plaintiff argues that this is inconsistent with the Agency's definition of competitive employment, which contemplates eight hours of work, five days a week, or an equivalent schedule. *Id.* She further asserts that the vocational expert's testimony was unsupported, as he failed to adequately explain how an individual can perform full-time sedentary work when she is not capable of completing an eight-hour workday. *Id.*

Defendant argues the ALJ adequately fulfilled his duty to consult a vocational expert when the occupational base was eroded, and that the vocational expert's testimony constitutes substantial evidence supportive of the step five findings. ECF No. 20 at 16-18.

"When there is an apparent conflict between the vocational expert's testimony and the [Dictionary of Occupational Titles (DOT)]—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency." *Zavalin v. Colvin,* 778 F.3d 842, 846 (9th Cir. 2015). "An ALJ may take administrative notice of any reliable job information, including information provided by a VE." *Bayliss v. Barnhart,* 427 F.3d 1211, 1218 (9th Cir. 2005). "A VE's recognized expertise provides the necessary foundation for his or her testimony." *Id.*

The Court finds the ALJ did not err. At the hearing, the vocational expert discussed the limitation to 7.5 hours of work and testified that, taking into account breaks and lunch, 7.5 hours was adequate for most of the jobs identified. Tr. 54-57. Plaintiff does not point to any evidence rebutting this testimony. The ALJ noted the deviation from the DOT and indicated that he accepted the vocational expert's testimony. The ALJ did not err in relying on the vocational expert, and the decision is supported by the only available vocational evidence.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 20**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED August 13, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION . . . - 11